UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID BEACHEM, <br><br> Plaintiff, <br><br> v. <br><br> JACK BRAMBAUGH, <br><br> Defendant. | CASE NO. C11-5435RJB/JRC <br><br> ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED |

The court, having reviewed plaintiff's complaint, hereby orders that plaintiff submit an amended complaint, or show cause why this matter should not be dismissed.

This court provides the following by way of explanation. Plaintiff's complaint fails to state a cause of action for several reasons.

First, plaintiff alleges that DOC employee Jack Brambaugh used racial slurs in the work place. Abusive language fails to state a cause of action under the civil rights act. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987).

Second, plaintiff alleges that he was fired from his job for eating his lunch, but he does not explain why the firing was improper. In order to state a claim under the civil rights act, a complaint must allege that: (l) the conduct complained of was committed by a person acting

under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). A civil rights action is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Plaintiff has failed to articulate how his alleged firing violates a right, privilege, or immunity secured by the Constitution or laws of the United States. Therefore, this claim is deficient.

Third, plaintiff alleges, without explanation, that he lost 20 days good conduct time (ECF No. 1, proposed complaint). This claim calls into question the length of his sentence. If plaintiff is seeking to have this decision reversed then this claim sounds in habeas corpus rather civil rights. Heck v. Humphrey, 512 U.S. 447 (1994).

If plaintiff is seeking money damages for the lost good time, then this action appears to be premature. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 447,489 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a

claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). Unless plaintiff can provide an amended complaint that addresses the issues raised in this order, this case should be dismissed as frivolous.

Due to the deficiencies described above, plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed by no later than **July 29, 2011**. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(e) (2) and (g).

The Clerk is directed to send Plaintiff a copy of this Order.

DATED this 16th day of June, 2011.

J. Richard Creatura
United States Magistrate Judge