UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BEACHEM,

                    Plaintiff,

          v.

JACK BRAMBAUGH.

                    Defendant.

CASE NO. 11-5435RJB

REPORT AND
RECOMMENDATION

NOTED FOR: AUGUST 12, 2011

        This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate

Judge Rules MJR 1, MJR 3, and MJR 4.  On June 16, 2011, the court ordered Mr.

Beachem to file an amended complaint because his original complaint failed to state a

claim (ECF No. 7). The order gave Mr. Beachem guidance and explained the defects in

his original complaint. Mr. Beachem submitted an amended complaint (ECF No. 9).

Review of this proposed complaint shows that he again fails to state a claim.  The court

recommends this action be dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915(e)(2).

DISCUSSION

Plaintiff has dropped several of the claims from his original complaint. His remaining claim is that defendant Brambaugh used a number of racial epitaphs. Mr. Beachem argues that defendant's conduct violated state regulations and rules (ECF No. 9, amended complaint). The alleged violation of state regulations and rules does not state a cause of action under the civil rights act.

In order to state a claim under the civil rights act, a complaint must allege, among other things, that (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). A civil rights action is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(e)(1). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). Unless plaintiff can provide an amended

complaint that addresses the issues raised in this order, this case should be dismissed as frivolous.

Defendants alleged use of abusive language in and of itself, no matter how offensive the language may have been, simply does not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987). The proposed amended complaint fails to state a claim.

The plaintiff has been given guidance as to the defects in his original complaint. The plaintiff was also given an opportunity to amend his complaint. The court now recommends the action be DISMISSED WITH PREJUDICE for failure to state a claim. This dismissal would count as a strike pursuant to 28 U.S.C. 1915 (e) (2) because it is dismissal for failure to state a claim. The court further recommends that in forma pauperis status be revoked for purposes of appeal in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12, 2011, as noted in the caption.

Dated this 11th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge